Filed 1/26/15  Yenokian v. Deutsche Bank CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PIERRE YENOKIAN, | B252814 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC517784) |
| DEUTSCHE BANK, N.A., | |
| Defendant and Respondent. | |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles Country, Michael L. Stern, Judge.  Affirmed.

　　　　Law Offices of Louisa Moritz and Louisa Moritz, for Plaintiff and Appellant.

　　　　Keesal, Young & Logan, David D. Piper and Tyson W. Kovash, for Defendant and Respondent.

_____

Plaintiff Pierre Yenokian appeals from a judgment of dismissal following an order sustaining defendant Deutsche Bank, N.A.'s demurrer without leave to amend the complaint. Plaintiff challenges only the trial court's denial of leave to amend. We find no abuse of discretion and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

In November 2004, plaintiff obtained a mortgage loan secured by his home from Washington Mutual Bank, F.A. (Washington Mutual) and executed a deed of trust with power of sale. The recorded deed of trust listed Washington Mutual as beneficiary and designated California Reconveyance Company as trustee. Subsequently, plaintiff defaulted on his payments. On May 29, 2008, a substitution of trustee was executed, designating Quality Loan Service Corporation (Quality) as the trustee. On May 30, 2008, Quality recorded a notice of default against plaintiff's home. In July 2008, the substitution of trustee was recorded. In October 2010, Quality conducted a trustee's sale and in December issued a trustee's deed upon sale to defendant.

In August 2013, plaintiff filed a complaint for declaratory relief and cancellation of instruments. Plaintiff claimed the foreclosure sale was invalid because, at the time Quality recorded the notice of default against the property, the substitution of trustee authorizing Quality to act as a trustee had not yet been recorded.

Defendant filed a demurrer to the complaint, which was sustained without leave to amend. The trial court issued a judgment of dismissal.

This timely appeal followed.

## DISCUSSION

The only issue before us is whether the trial court abused its discretion by sustaining defendant's demurrer without leave to amend. "It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citation.] The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action.

2

[Citation.]" (*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217, 226.) "[A] plaintiff need not request leave to amend in order to preserve on appeal the issue of whether the court abused its discretion in sustaining a demurrer without leave to amend. (Code Civ. Proc., § 472c)." (*Palm Springs Tennis Club v. Rangel* (1999) 73 Cal.App.4th 1, 7.) But the plaintiff still bears the burden of proof on appeal to show "there is a reasonable possibility the defect in the pleading can be cured by amendment." (*Ibid.*)

It is unclear how plaintiff would be able to amend his complaint as to sufficiently state a cause of action. The record makes clear that the process by which Quality was named trustee and recorded the notice of default was lawful. Civil Code section 2934a[1] provides that a trustee named in a recorded substitution of trustee is "deemed to be authorized to act as the trustee under the mortgage or deed for trust for all purposes *from the date the substitution is executed* by the mortgagee, beneficiaries, or by their authorized agents. . . . Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section." (§ 2934a, subd. (d), italics added.) "That statute also provides a substituted trustee may record a notice of default *before* the substitution empowering the trustee to act is recorded," as long as notice of substitution is mailed to the appropriate parties in the manner provided in section 2924b and an affidavit of mailing is attached. (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1495; § 2934a, subd. (b).) The substitution of trustee designating Quality as trustee was executed on May 29, 2008, and notice of the substitution was sent to the appropriate parties on June 5, 2008. The notice of default was recorded on May 30, 2008. The substitution of trustee was recorded on July 10, 2008, which constitutes "conclusive evidence" of Quality's authority to act as a trustee. (§ 2934a, subd. (d).)

Based on the record before us, plaintiff has not met his burden of proof to show he is entitled to a leave to amend. "[I]t is not sufficient for the [plaintiff] to assert 'an abstract right to amend.' [Citation.]" (*Rossberg v. Bank of America, N.A.*, *supra*,

---

[1]     Subsequent statutory references are to the Civil Code.

219 Cal.App.4th at p. 1504.)  Plaintiff makes no representation that he presented arguments in the trial court to show a reasonable possibility of curing the defect through amendment.  Further, his briefing on appeal does not specify how the defect in his complaint can be cured.  We find no abuse of discretion by the trial court in sustaining the demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed.  Defendant is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.